IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

STEVEN SMOTHERS, et al.      :

                                          :

   v.                         :   Civil Action No. DKC 18-3451

                                          :

STATE OF MARYLAND

                                          :

**MEMORANDUM OPINION**

Defendant State of Maryland ("Defendant") filed a motion to dismiss for lack of subject matter jurisdiction on December 31, 2018 (ECF No. 4) and Plaintiffs opposed the motion on January 28, 2019 (ECF No. 8). The issues are fully briefed and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the reasons that follow, Defendant's motion will be granted.

**I.   Background**

Plaintiff Steven Smothers ("Plaintiff Smothers") and the Aboriginal Republic of North America ("ARNA") (collectively, "Plaintiffs") filed a complaint against Defendant on November 8, 2018. (ECF No. 1). The complaint is confusing and fails clearly to explain the events precipitating Plaintiffs' claim, the laws they believe Defendant violated, or the relief they seek. Plaintiffs' claims appear to arise from a dispute regarding Plaintiff Smothers' exemption from withholding tax in the State of Maryland. (ECF No. 1-1). Plaintiff Smothers states that he

"turned over fiducial duties of certain property to the Aboriginal Republic of North America [("ARNA")] near the end of 2016[.]" (ECF No. 1, at 2). Plaintiff Smothers executed a Maryland Withholding Exemption Certificate on January 18, 2017, claiming to be exempt from withholding tax. (ECF No. 1-1). Belinda Clark, an employee in the Comptroller of Maryland's Compliance Programs Section, sent Plaintiff Smothers a letter on April 11, 2017, stating that Plaintiff Smothers was not exempt and providing him ten days to "provide documentation to support [his] request to be exempt." (*Id.*). The letter also indicated that, if Plaintiff Smothers failed to respond, his employer would receive a letter directing it "to begin withholding tax[.]" (*Id.*). Plaintiffs do not state whether Plaintiff Smothers responded to the letter, but it appears that the State of Maryland directed his employer to begin withholding tax. (ECF No. 8-4). Despite continued protest, the Compliance Programs Section once again notified Plaintiff Smothers on November 14, 2017 and November 9, 2018 that his Aboriginal Republic of North America citizenship does not make him generally exempt from Maryland tax withholding. (*Id.*; ECF No. 8-2).

Plaintiffs' complaint states that "Maryland [is] taking aboriginal property at will without explicit authorization of the tribe" and seeks "[e]conomic injury, pain and suffering

2

remed[ies], [and c]ivil remedies for 42 U[.]S[.]C[.] §[§] 1981, 1983, 1985[,] and 28 U[.]S[.]C[.] § 1343[.]" (ECF No. 1, at 4).

## II. Standard of Review

Motions to dismiss for lack of subject matter jurisdiction are governed by Fed.R.Civ.P. 12(b)(1). Generally, "questions of subject matter jurisdiction must be decided first, because they concern the court's very power to hear the case." *Owens-Illinois, Inc. v. Meade*, 186 F.3d 435, 442 n.4 (4th Cir. 1999). The party bringing suit in federal court bears the burden of proving that subject matter jurisdiction properly exists. *See Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). In deciding a Rule 12(b)(1) motion, the court "may consider evidence outside the pleadings" to help determine whether it has jurisdiction over the case before it. *Richmond, Fredericksburg & Potomac R.R. Co. v. U.S.*, 945 F.2d 765, 768 (4th Cir. 1991); *see also Evans*, 166 F.3d at 647. Such a motion should only be granted "if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Richmond*, 945 F.2d at 768.

Generally, *pro se* pleadings are liberally construed and held to a less stringent standard than pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v.*

*Gamble*, 429 U.S. 97, 106 (1976)); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Liberal construction means that the court will read the pleadings to state a valid claim to the extent that it is possible to do so from the facts available; it does not mean that the court should rewrite the complaint to include claims never presented. *Barnett v. Hargett*, 174 F.3d 1128, 1132 (10th Cir. 1999). That is, even when *pro se* litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

**III. Analysis**

Defendant argues that Plaintiffs' claim should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) because "[t]he Eleventh Amendment . . . bars this suit against the state." (ECF No. 4-1, at 3). Defendant asserts that, because Plaintiff Smothers "appears to be a citizen of Maryland and [ARNA] appears to be a citizen of the District of Columbia[,] . . . their suit against the State of Maryland is barred[.]"[1] (ECF No. 4-1, at 4). Plaintiffs' opposition does not address Defendant's subject matter jurisdiction argument.

---

[1] Plaintiff since has notified the court of a change of address to Florida. (ECF No. 9).

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." As noted by the United States Court of Appeals for the Fourth Circuit in *Lee-Thomas v. Prince George's County Public Schools*, 666 F.3d 244, 248-49 (4th Cir. 2012):

> The Supreme Court "has drawn on principles of sovereign immunity to construe the Amendment to establish that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Feeney,* 495 U.S. at 304 (internal quotation marks omitted). The States' immunity also extends to "state agents and state instrumentalities." *Regents of the Univ. of Cal. v. Doe,* 519 U.S. 425, 429 (1997). "The Eleventh Amendment bar to suit is not absolute," however. *Feeney,* 495 U.S. at 304. There are three exceptions to that constitutional bar.
>
> First, "Congress may abrogate the States' Eleventh Amendment immunity when it both unequivocally intends to do so and acts pursuant to a valid grant of constitutional authority." *Bd. of Trs. of Univ. of Ala. v. Garrett,* 531 U.S. 356, 363 (2001) (internal quotation marks and alterations omitted). . . . Second, "the Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of federal law." *Frew ex rel. Frew v. Hawkins,* 540 U.S. 431, 437 (2004). . . . Third, "[a] State remains free to waive its Eleventh Amendment immunity from suit in a

federal court." *Lapides v. Bd. of Regents of Univ. Sys. of Ga.,* 535 U.S. 613, 618 (2002).

None of the three exceptions are applicable here. First, Congress did not abrogate States' Eleventh Amendment immunity for claims arising under 42 U.S.C. §§ 1981, 1983, or 1985.[2] *Middlebrooks v. Univ. of Md. at Coll. Park*, 980 F.Supp. 824, 828 (D.Md. 1997) ("Plaintiff's [§ 1981 claims] against the University, for both equitable and monetary relief, are barred by the Eleventh Amendment."); *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 65–66 (1989) (finding that a state is not a person within the meaning of § 1983 and that the Eleventh Amendment bars § 1983 suits unless the state has waived its immunity); *Clark v. Md. Dep't of Pub. Safety & Corr. Servs.*, 247 F.Supp.2d 773, 776 n.2 (D.Md. 2003) ("The Eleventh Amendment bars plaintiff's claim under 42 U.S.C. § 1985[] because Congress has not expressly abrogated state immunity in § 1985 actions.") (citing *Unemployment Fincher v. State of Fla. Dep't of Labor & Employment Sec. Unemployment Appeals Comm'n*, 798 F.2d 1371 (11th Cir. 1986)). Second, Plaintiffs are not seeking any prospective injunctive relief; instead, they

---

[2] Although Plaintiffs list 28 U.S.C. § 1343 under their prayer for relief, the statute merely provides district courts jurisdiction to hear claims of constitutional violations arising under 28 U.S.C. § 1983.

appear to seek only monetary damages.  Third, the State of Maryland has not waived its Eleventh Amendment immunity in this case.  To the extent that ARNA purports to be a foreign state, the Eleventh Amendment nonetheless provides Defendant immunity from their claims.  *Breard v. Greene*, 523 U.S. 371, 377 (1998) ("[S]tates, in the absence of consent, are immune from suits brought against them . . . by a foreign State.") (quoting *Principality of Monaco v. Miss.*, 292 U.S. 313, 329–330 (1934)).

Accordingly, the State of Maryland is immune from suit and Defendant's motion to dismiss will be granted.

>                         /s/
>     DEBORAH K. CHASANOW
>     United States District Judge